SIGNED THIS: January 31, 2013

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| MICHAEL R. GUTTERRIDGE and | ) Bankruptcy Case No. 12-90580 |
| ELIZABETH GUTTERRIDGE, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on a Motion for Turnover Order, Response to Trustee's Motion for Turnover Order, Objection to Debtors' Claim of Exemptions, Response to Trustee's Objections to Debtors' Claim of Exemptions, Supplemental Response to Trustee's Objection to Debtors' Claim of Exemptions, and Objection to Debtors' Amended Claim of Exemptions; the Court, having reviewed written memoranda of law filed by the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in significant dispute and are, in pertinent part, as follows:

1. The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on April 12, 2012.

2. In their Amended Schedule C of Exemptions, the Debtors list two Protective Life Insurance Company policies which they claim exempt pursuant to the provisions of 215 ILCS 5/238 and 735 ILCS 5/12-1001(f). Both life insurance policies at issue are owned by an irrevocable life insurance trust, and the only policy before the Court is the Elizabeth A. Gutterridge Irrevocable Life Insurance Trust, given that the Chapter 7 Trustee has determined that the Michael Gutterridge Irrevocable Trust has no cash value as of the date of the Debtors' Chapter 7 bankruptcy filing.

3. The Elizabeth A. Gutterridge Irrevocable Life Insurance Trust was created on April 11, 2001, by Elizabeth A. Gutterridge, as settler, conveying the interest in that Trust to Michael R. Gutterridge as Trustee of the Elizabeth A. Gutterridge Irrevocable Life Insurance Trust. The insurance trust has been entered into evidence with the Chapter 7 Trustee claiming that the Elizabeth A. Gutterridge Irrevocable Life Insurance Trust is not exempt given that the beneficiary of the insurance policy is the trust, rather than a named individual as required by 735 ILCS 5/12-1001(f).

4. Article II of the Elizabeth A. Gutterridge Irrevocable Life Insurance Trust states that upon her death, the Trustee, who is the surviving spouse, shall pay the net income to the surviving spouse and to also, from time to time, pay to the surviving spouse all or as much of the principal of the Trust as is reasonable necessary for his support, maintenance and health. Upon the death of the surviving spouse, any undistributed net income shall be paid to the Executors of his Estate, and any remaining principal shall be distributed to Elizabeth Gutterridge's descendants and, if none, then to heirs at law.

    5.  The Chapter 7 Trustee is also objecting to the claimed exemption of the Debtors in the B. Ellen Hawkins Testamentary Trust. Debtors claim in their Amended Schedule C that Debtor Michael R. Gutterridge's interest in the B. Ellen Hawkins Testamentary Trust is exempt pursuant to 735 ILCS 5/2-1403.

    6.  B. Ellen Hawkins was the grandmother of the Debtor, Michael R. Gutterridge. Michael R. Gutterridge testified that the Trust consists of farm property with one residential structure that Erma Glenn Hawkins, the surviving daughter of B. Ellen Hawkins, currently resides in, and that, pursuant to the Trust will be entitled to live in during her lifetime.

    7.  The real estate under the B. Ellen Hawkins Testamentary Trust is currently being farmed, with the Trust providing that, after the payment of all expenses, any remaining monies are to be distributed to Erma Glenn Hawkins for her health care and maintenance. Any remaining income after that is to be equally distributed among the remaining sons and daughters or the descendants of those sons and daughters. At hearing, Michael R. Gutterridge testified that he currently holds a 2/13 interest in the Trust. Upon the death of Erma Glenn Hawkins, the Trustees are directed to appraise the property and have it sold. However, any of the children of Erma Glenn Hawkins shall have the first option to purchase the real estate. Otherwise, it is to be sold at public or private sale with the proceeds to be divided equally among the children of B. Ellen Hawkins. Debtor, Michael R. Gutterridge, testified that he receives approximately $700 per year from the income of the Trust.

Conclusions of Law

  The Court will first consider the arguments of the parties concerning the Elizabeth A. Gutterridge Irrevocable Life Insurance Trust. The issue in this matter is governed by 735 ILCS 5/12-1001(f), which states:

> § 12-1001.  Personal property exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment, or distress for rent; . . .
>
>   (f) All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life insurance and endowment

3

>policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent, or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not and whether the insured or the insured's estate is a contingent beneficiary or not;

In reading the plain meaning of this statute, the Court must conclude that the proceeds of a life insurance policy may only be exempted under 5/12-1001(f) when it is payable directly to the spouse of the insured or some other dependent. The Debtors accurately point out that 735 ILCS 5/12-1001(f) was amended as of July 1, 2012, so that it now provides that proceeds payable on death in the net cash value, even if payable to a revocable or irrevocable trust which names the wife, husband, or dependent children of the insured as primary beneficiary to the trust is also exempt. However, this amendment was not in effect at the time the Debtors filed for relief under Chapter 7 on April 12, 2012, and the only exemptions to which a debtor may avail himself or herself is determined by the exemption law in effect at the time the bankruptcy petition was filed. In re Peacock, 119 B.R. 605 (Bankr. N.D. Ill. 1990). In this case, the exemption law that was in effect at the time the Debtors filed for relief under Chapter 7 only exempted life insurance proceed payable to a spouse, not proceeds payable to any type of trust. There are no cases directly on point as to this issue, thus the Court relies on the plain meaning of the statute and must find that the insurance proceeds payable to the Elizabeth A. Gutterridge Irrevocable Life Insurance Trust are not exempt, nor is the cash value of the subject insurance policy.

Next, the Court turns to the claimed exemption by the Debtors in the B. Ellen Hawkins Testamentary Trust pursuant to the provisions of 735 ILCS 5/2-1403. There is no dispute between the parties that the B. Ellen Hawkins Testamentary Trust is not a spend-thrift trust. Additionally, there is no dispute as to whether the interest of Debtor, Michael R. Gutterridge, in the trust is property of the bankruptcy estate. Spend-thrift trusts are not exempt property of the bankruptcy estate. They are simply not assets of the bankruptcy estate in the first place. In re Lunkes, 427 B.R. 425 (D.C. N.D. Ill. 2010). In this instance, the Debtors cannot argue that the

4

trust in question is a spend-thrift trust; therefore, they must claim that the interest of Michael R. Gutterridge is exempt. Chapter 735 ILCS 5/2-1403 states:

> § 2-1403. Judgment debtor as beneficiary of trust. No court, except as otherwise provided in this Section, shall order the satisfaction of a judgment out of any property held in trust for the judgment debtor if such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor.
>
> The income or principal of a trust shall be subject to withholding for the purpose of securing collection of unpaid child support obligations owed by the beneficiary as provided in Section 4.1 of the "Non-Support of Spouse and Children Act", Section 22 of the Non-Support Punishment Act, and similar Sections of other Acts which provide for support of a child as follows:
>
> (1) income may be withheld if the beneficiary is entitled to a specified dollar amount or percentage of the income of the trust, or is the sole income beneficiary; and
>
> (2) principal may be withheld if the beneficiary has a right to withdraw principal, but not in excess of the amount subject to withdrawal under the instrument, or if the beneficiary is the only beneficiary to whom discretionary payments of principal may be made by the trustee.

While there are no cases directly on this point, the Court finds that the United States District Court's review of this Court's decision in In re Koeneman, 410 B.R. 820 (Bankr. C.D. Ill. 2009), points to the decision that must be made in this instance. In Koeneman, which originated in this Court, the debtors argued that pre-petition wages paid post-petition were either (a) not assets of the bankruptcy estate or (b) exempt under the Illinois Wage Deduction Act, which precludes garnishment or judicial seizure of more than 15% of a judgment debtor's gross earnings. In reviewing the decision of this Court, the United States District Court agreed that the wages were an asset of the bankruptcy estate, but found they were not exempt. The District Court in Koeneman held that a statute which bars seizure of wages to satisfy judgments is not applicable "to federal bankruptcy proceeding where no collection order or citation has been issued." Id., at page 826.

The Court agrees with the argument of the Chapter 7 Trustee that the Debtors in this case seek to blur the lines between spend-thrift trusts and the language of 735 ILCS 5/2-1403. It is clear that, outside of bankruptcy, Illinois judgment creditors cannot seize trust assets unless the

5

trust is self-settled or otherwise created in bad faith. However, once a bankruptcy petition is filed, the Illinois statute in this case cannot apply to create an exemption to a trust that is otherwise simply an asset of the bankruptcy estate. As such, the Court must conclude that the interest of Debtor, Michael R. Gutterridge, in the B. Ellen Hawkins Testamentary Trust is an asset of the Debtors' bankruptcy estate and is not exempt pursuant to the provisions of 735 ILCS 5/2-1403.

###